# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAYLEE EVELER ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-14776** |
| **FORD MOTOR CO.** | **SECTION I** |

## ORDER AND REASONS

Plaintiffs were injured when their 2001 Ford Explorer rolled over on I-10 outside of New Orleans. They now bring suit against Ford because they claim that the rollover occurred as result of the defective design of the 2001 Ford Explorer. To help prove their case that the 2001 Ford Explorer was defective, plaintiffs intend to introduce evidence and testimony relating to Ford's design and testing of other Ford sport utility vehicles, past and present.

Ford moves,[1] under a variety of the provisions of the Federal Rules of Evidence, to exclude plaintiffs from introducing evidence or testimony relating to any Ford vehicle other than the Ford Explorer that rolled over in this case. For the following reasons, Ford's motion is denied without prejudice in part and granted in part.

### I.

Ford first argues that evidence and testimony relating to vehicles tested and manufacturer prior to plaintiff's 2001 Ford Explorer should be excluded under Rules 401, 402, and 403.

### A.

---

[1] R. Doc. No. 36.

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the United States Constitution, a federal statute, another Federal Rule of Evidence, or another rule prescribed by the U.S. Supreme Court. Fed. R. Evid. 402.

Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**B.**

The Court concludes that it is premature to address whether plaintiffs may introduce documents and testimony relating to Ford vehicles manufactured and tested prior to the 2001 Ford Explorer. Without knowing the contents of the potential exhibits and testimony, the Court cannot judge whether the evidence would be relevant and/or not unduly prejudicial. And the Court is not ready to make a blanket determination that all such documents and testimony would be irrelevant. *See, e.g.*, *Pub. Emps. Retirement Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014) (explaining "the standard of relevance in an evidentiary context is not a steep or a difficult one to satisfy"). After all, it is not hard to imagine that there may, for example, be documents discussing the physics of a rollover accident that would be

relevant to the plaintiffs' theory that the Explorer's center of gravity was too high for its track width.

The Court denies Ford's motion without prejudice to Ford's ability to raise more precise objections to specific evidence and testimony. And without making a binding determination as to any particular piece of evidence or testimony, the Court observes that it is unlikely to entirely exclude any reference to prior Ford vehicles. Rule 403 is meant to be applied "sparingly," *Baker v. Can. Nat./Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008), and Ford has the ability to mitigate any unfair prejudice through the use of cross-examination that points out the differences between, for example, the 2001 Ford Explorer and the Ford Bronco. Knowing the difference between a Ford Explorer and a Ford Bronco is not exactly rocket science, and the Court fully expects that the jurors will have no trouble being cognizant of the differences.

That said, the Court will not allow the plaintiffs to waste the jury's time by making this trial about anything other than the 2001 Ford Explorer. Plaintiffs would be well-advised to limit their discussion of prior Ford vehicles to a handful of undeniably relevant exhibits. To the extent that plaintiffs do not take the Court's warning to heart and start pressing the boundaries of relevance under the unpersuasive blanket assertion that a document is somehow relevant to Ford's "state of mind," the plaintiffs will quickly find their lines of inquiry severely curtailed—if not entirely eliminated. This Court does not—and will not—hold "time-consuming

3

mini-trials on [] minimally relevant issues." *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 454 (3d Cir. 1997).

## II.

Plaintiffs also ask this Court to permit introduction of evidence related to vehicles released *after* plaintiffs' vehicle was manufactured. Of course, the admissibility of such evidence under Federal Rules of Evidence 403 and 407 turns largely on the purpose for which plaintiffs are using the evidence and Ford's contentions. *See, e.g.*, *Ponds v. Force Corp.*, No. 16-1935, Dkt. 70, at 2-5 (E.D. La. 2017). The Court has no way of judging at present whether introduction of subsequent vehicle designs is proper under Rules 403 and 407.

Therefore, the Court grants in part Ford's motion in limine, and precludes plaintiffs from introducing evidence relating to post-2001 Ford vehicles until plaintiffs lay a proper foundation. No mention shall be made of post-2001 Ford vehicles before the jury until the Court permits the same at a bench conference. Plaintiffs are to instruct their witnesses not to mention post-2001 Ford vehicles until permitted by the Court.

Accordingly,

**IT IS ORDERED** that the motion in limine is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** as set forth above.

New Orleans, Louisiana, June 13, 2017.

                                            **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**