# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAYLEE EVELER ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-14776** |
| **FORD MOTOR CO.** | **SECTION I** |

## ORDER AND REASONS

Ford moves[1] for an order precluding plaintiffs' witnesses from making any reference to the state of mind or intent of Ford's employees. The Court concludes that it is premature to address the contents of Ford's motion.

In the first place, the Court simply does not know what testimony Ford objects to. Despite having presumably received expert reports setting out "a complete statement of all opinions" plaintiffs' experts "will express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B), Ford's motion does not actually contend that any particular opinion regarding Ford documents is unreliable.[2]

But even more importantly, the line between impermissible-and-permissible testimony here is fine, *see Bradley v. Cooper Tire & Rubber Co.*, No. 3-94, 2007 WL 4624613, at *3 (S.D. Miss 2007) ("Although Ford is correct that witnesses may not speculate as to its state of mind, a witness may be allowed to testify about conclusions

---

[1] R. Doc. No. 37.
[2] Ford asserts that the best evidence rule necessarily prohibits all testimony about documents that have not been admitted. Not so. *See Guzman v. Memorial Hermann Hosp. Sys.*, 637 F. Supp. 2d 464, 476 (S.D. Tex. 2009) ("The best evidence rule does not apply to evidence not offered to prove the contents of a writing. . . . Nor does the rule apply when an expert testifies based in part on having reviewed writings[—]Rule 703 allows an expert to express opinions based on matters not put into evidence." (internal quotation marks omitted)).

Ford reached or what Ford should have known based on its own documents and data. The line between what is admissible and not admissible will depend in large part on the specific questions and responses . . . ."),[3] and the Court has substantial discretion in controlling the presentation of expert testimony, see Fed. R. Evid. 705. Therefore, Ford's motion will be denied without prejudice to Ford's ability to raise objections to precise questions and answers.[4]

Accordingly,

**IT IS ORDERED** that the motion in limine is **DENIED WITHOUT PREJUDICE.**

New Orleans, Louisiana, June 14, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[3] See also Hankins v. Ford Motor Co., No. 08-639, 2012 WL 174793, at *6 (S.D. Miss. 2012).

[4] The denial without prejudice, however, does not license Ford to raise issues that could have and should have been raised in a timely Daubert motion.